UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RANDALL IZQUIERDO,          )
                            )
        Plaintiff,           )
                            )
    vs.                      )   Cause No. 3:17-CV-835-JD-MGG
                            )
MIKE PENCE et al.,           )
                            )
        Defendants.          )

OPINION AND ORDER

Randall Izquierdo, a prisoner without a lawyer, brings this action against President Donald Trump, Vice President Mike Pence, two private attorneys, and two government attorneys. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Izquierdo brings a number of claims related to his arrest and prosecution. First, he alleges his vehicle was searched without cause (ECF 4 at 5). However, he did not name as defendants the police who searched it. Moreover, even if he did, this claim is collaterally estopped because it was unsuccessfully raised in a motion to suppress

during his State Criminal trial.[1] Second, he alleges government lawyers introduced false testimony at his trial (ECF 4 at 6), at his sentencing hearing (ECF 4 at 7), and in opposition of his appeal. (ECF 4 at 14). However, all of these actions were taken "as an advocate for the State" for which they have absolute prosecutorial immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."). Third, he argues ineffective assistance of counsel by his defense attorneys at the trial and appeal stages. (ECF 4 at 8–9). However, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994).

Izquierdo also brings a number of factually incredible claims. He alleges prison officials at Miami Correctional Facility (who are not defendants) are intentionally trying to injure him and that "somebody who works for Vice President Mike Pence or somebody who works in Donald Trump's cabinet or the White House is trying to kill [him] for political reasons" because Mike Pence gives direct orders to the prison about his treatment. (ECF 4 at 13, 16). Additionally, he alleges the Gestapo is trying to "get rid of" him. (ECF 4 at 12).

---

[1] A "plaintiff can be collaterally estopped from relitigating fourth amendment claims that were lost at a criminal suppression hearing." *Harris v. Huston*, 553 Fed. Appx. 630, 631 (7th Cir. 2014). *See also Best v. City of Portland*, 554 F.3d 698, 702 (7th Cir. 2009) ("Had the case terminated with a final judgment of conviction, the denial of Best's suppression motion would have preclusive effect."). *See* Izquierdo's State criminal docket sheet at https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6Ik9USXlNVEV5T0RFeU1qSXdPalExTkRjd09UVXhhZjkU9In19.

A frivolous claim is one "that no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). Usually, "suits are dismissed as frivolous because there is absolutely no legal basis for the plaintiff's claim. Sometimes, however, a suit is dismissed because the facts alleged in the complaint are so [incredible] that they're unbelievable, even though there has been no evidentiary hearing to determine their truth or falsity." *Gladney v. Pendleton Correctional Facility*, 302 F.3d 773, 774 (7th Cir. 2002). These claims present such a situation, and must be dismissed as frivolous.

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed sua sponte, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here.

For these reasons, the Complaint is DISMISSED pursuant to 28 U.S.C. § 1915A because the claims are frivolous or do not state a claim for which relief can be granted.

SO ORDERED on February 23, 2018.

                                          /s/ JON E. DEGUILIO
                                          JUDGE
                                          UNITED STATED DISTRICT COURT